THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT SCHIEFFIELD, a/k/a Scott Von Lehe, Defendant-Appellant.

Second District   Nos. 2—87—0451, 2—87—0452, 2—87—0453 cons.

Opinion filed April 14, 1989.—Rehearing denied May 11, 1989.

G. Joseph Weller and Michael F. Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, John X. Breslin, and Gary F. Gnidovec, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Scott Schieffield, a/k/a/ Scott Von Lehe, appeals from three orders of the circuit court sentencing him *in absentia* following a plea of guilty to violating the terms of his periodic imprisonment. Defendant's sole appellate contention is that his sentence should be vacated and this cause remanded for resentencing since the trial court failed to inform him that he was entitled to a hearing to determine whether his absence from the sentencing hearing was willful. We affirm.

Defendant was convicted after entering guilty pleas to burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a)) and leaving the scene of an accident involving a personal injury (Ill. Rev. Stat. 1983, ch. 95½, par. 11—401(b)). Defendant was sentenced to concurrent terms of two years' probation and 180 days in jail on his conviction of burglary, and 18 months' probation and 90 days in jail on his conviction of leaving the scene of an accident. Defendant was subsequently indicted on four counts of driving with a revoked license (Ill. Rev. Stat. 1985, ch. 95½, par. 6—303). The State filed an amended petition to revoke defendant's probation on his prior convictions, and all of the cases were consolidated. Defendant pleaded guilty to violating the terms of his probation and to the four additional counts of driving with a revoked license. The court sentenced defendant to concurrent terms of 18 months' periodic imprisonment on his convictions of burglary, leaving the scene of an accident, and driving with a revoked license. Defendant's periodic imprisonment was conditioned upon his having no alcohol in his system at any time.

On March 3, 1987, the State filed a petition to revoke defendant's periodic imprisonment. The petition alleged that on February 9, 1987, defendant reported to the Du Page County jail under the influence of alcohol or drugs and refused to take a breathalyzer or urine test. The court held a hearing on the petition on March 30, 1987. Defendant admitted that he had consumed alcohol and pleaded guilty to violating the terms of the periodic imprisonment. The court advised defendant that he could be resentenced to a term in the State penitentiary for up to seven years. The court also informed defendant that a sentencing hearing would be held on April 13, 1987. Subsequently, the sentencing hearing was continued to April 16, 1987.

On the date of the sentencing hearing, defendant failed to appear

in court. Defense counsel informed the court that he had spoken with defendant the previous night and informed him that if he failed to appear at the hearing he would be sentenced *in absentia*. The court revoked defendant's periodic imprisonment and sentenced defendant to concurrent terms of five years' imprisonment for the burglary conviction and two years' imprisonment for the remaining convictions. After the court imposed the sentences, defense counsel moved to withdraw as defendant's attorney. The court granted the motion.

On May 7, 1987, defendant appeared in court and was informed of what transpired at the April 16, 1987, hearing. Defendant did not ask the court any questions or try to explain his prior absence. The court admonished defendant that the order was final and that he had a right to appeal his sentences. The court appointed the public defender to represent defendant, and defendant's counsel then filed a motion asking the clerk to file a notice of appeal and requesting appointment of the State Appellate Defender to represent defendant on appeal. Defendant filed this appeal on May 11, 1987.

Defendant contends that the sentences should be vacated and the cause remanded for a new sentencing hearing because he was not informed that he had a right to a hearing to establish that his failure to appear was not willful. We disagree.

Section 115—4.1(e) of the Code of Criminal Procedure of 1963 provides:

> "When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(e).)

As defendant correctly notes, this statute does not require the court to admonish a defendant concerning his right to a hearing under this section. However, defendant claims that because his counsel had withdrawn and defendant did not have time to confer with the public defender, he was unaware of his right to a hearing and is now entitled to such hearing. We decline to adopt defendant's position.

■ The State argues that defendant waived his right to a hearing under section 115—4.1(e) because he appealed his sentences instead of

proceeding under the statute. (See *People v. Sayles* (1985), 130 Ill. App. 3d 882, 888.) When a defendant's attorney elects to file a notice of appeal rather than request a hearing under section 115—4.1(e), such election is binding on the defendant regardless of whether the attorney consulted with the defendant about the decision. 130 Ill. App. 3d at 888.

■ We conclude that *Sayles* is dispositive. At the May 7, 1987, hearing, defendant was appointed a public defender who chose to pursue an appeal rather than request a hearing under section 115—4.1(e). Therefore, defendant waived his right to a hearing under this section.

The judgment of the circuit court is affirmed.

Affirmed.

NASH and WOODWARD, JJ., concur.